### SCHNEIDER v. NEW AMSTERDAM GAS CO. et al.

(Supreme Court, Appellate Division, First Department. December 7, 1906.)

1. INJUNCTION—PRELIMINARY INJUNCTION—DISCRETION OF COURT.

While the Appellate Division has the power to exercise the judicial discretion vested in the Supreme Court in the granting of a preliminary injunction, the discretion should first be exercised by the court at Special Term.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Injunction, § 304.]

2. SAME—CONDITIONS ON GRANTING.

The trustee of the bondholders of a gas company obtained from a federal court an injunction restraining the company from accepting the maximum rate fixed by Laws 1906, p. 235, c. 125, or any rate less than that which was in effect prior to the passage of the act. A customer, in a suit against the company, prayed for a preliminary injunction restraining the company from refusing to supply gas at the maximum rate fixed by the act. Held, that the court, in determining the propriety of granting the injunction, must exercise its discretion in such a manner as to safeguard the interests of both the consumer and the company, and either require the company to furnish the consumer gas at the maximum rate fixed by the act, on the consumer giving security if the company was entitled to a greater payment on the act being held invalid, or by permitting the company to charge the greater rate, and insuring a repayment of the excess on the act being declared valid.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Injunction, § 339.]

Ingraham and Houghton, JJ., dissenting in part.

Appeal from Special Term, New York County.

Action by Ike I. Schneider against the New Amsterdam Gas Company and another. From a preliminary order enjoining defendant the New Amsterdam Gas Company from shutting off plaintiff's supply of gas by reason of his refusal to pay more than 80 cents per thousand cubic feet, defendants appeal. Reversed and remanded.

Argued before McLAUGHLIN, INGRAHAM, CLARKE, HOUGHTON, and SCOTT, JJ.

John A. Garver, for New Amsterdam Gas Company, appellant.
Arthur Van Brunt, for Central Trust Company, appellant.
Clarence J. Shearn, for respondent.

SCOTT, J. The plaintiff has obtained an injunction pendente lite restraining the defendant the New Amsterdam Gas Company from dis-

continuing, cutting off, or refusing to supply him with gas, and from removing his gas meter and other appliances for the supply of gas, because of plaintiff's refusal to pay more than 80 cents for each 1,000 feet of gas consumed upon the premises. The complaint upon which the injunction was granted recites the passage of the act known as "Chapter 125, p. 235, Laws 1906," which in terms fixes the price of 80 cents per thousand feet as the maximum legal rate which the defendant gas company is authorized to charge or receive in the borough of Manhattan, the rendition of bills to plaintiff at the rate of $1 per thousand feet, the tender of payment therefor at the rate of 80 cents per thousand feet, the refusal of the defendant gas company to accept payment at that rate, and its threat to discontinue the supply of gas unless the bills therefor be paid at the rate specified therein. In granting the injunction, the court below recited in its order that it did so "on the authority of Jacob Richman v. Consolidated Gas Company of New York, and not in the exercise of the discretion confided to the Special Term." In the Richman Case an injunction based upon substantially the same state of facts was sustained by the Court of Appeals for reasons of comity, because the one question involved, to wit, the constitutionality of the act of 1906, was likewise involved in an action of which the Circuit Court of the United States in this circuit had taken jurisdiction, and it was deemed that it would be best that the state courts should not undertake to pass upon the question under consideration by a federal court of ample jurisdiction. If the facts now presented were identical with those presented in the Richman Case, there could be no doubt of the propriety of the course adopted at Special Term. They are not identical, however. It is made to appear that the defendant Central Trust Company of New York is trustee for the bondholders under a mortgage executed by the defendant gas company covering property of various kinds; that said trust company as trustee commenced an action in the Circuit Court of the United States against the defendant gas company and others, and applied for and obtained an injunction therein, wherein, among other things, the said gas company was enjoined and restrained from accepting 80 cents per thousand cubic feet for gas manufactured and supplied by said defendant New Amsterdam Gas Company to any consumer, or any rate less than that which was in effect prior to the date of the aforesaid act, for gas supplied to its customers. This act, not present in the Richman Case, seems to us to create a condition calling for the exercise of discretion by the court, either as to granting or refusing the injunction, or in affixing conditions to its grant or refusal.

As things now stand, the defendant gas company is placed in a dilemma. It cannot, under the order appealed from, compel the payment of more than 80 cents a thousand feet, and it cannot, under the injunction of the federal court, accept 80 cents, or any sum less than $1. The result of continuing this injunction would be to compel the gas company to continue to furnish gas, and prevent its collecting any price at all for the amount so furnished. It would be inequitable and unjust to leave the defendant gas company in this position, and, while this court has the undoubted power to exercise such judicial discretion as is vested in the Supreme Court, that discretion should first be exer-

cised in a case like the present by the court at Special Term.   While we have no authority to construe an order of the federal court, and should not attempt to do so, the restraining order in the action brought by the defendant trust company may possibly be construed to restrain only the acceptance of 80 cents per thousand feet as payment in full for the gas furnished, leaving it no violation of the order to accept that sum on account, with proper security for the payment of the differences between that sum and $1 per thousand, if the act of 1906 should ultimately be found to be invalid.   If this view should prevail, it would be necessary that the payment of 80 cents per thousand should be accompanied with sufficient evidence that it was not paid or accepted in payment of the bill for gas, but merely as a sum paid on account, and, since the final determination as to the validity of the act of 1906 may be long delayed, ample and certain security should be exacted for the payment of the unpaid 20 cents per thousand feet if the invalidity of the act should be established.   On the other hand, it may be made to appear either that ample provision has already been made by the federal court or can be made by this court to insure the repayment to plaintiff of the excess paid by him, in case the injunction pendente lite be refused and the act of 1906 afterwards declared to be valid.   We apprehend that the court below will encounter no difficulty in exercising its discretion in such a manner as to safeguard the rights and interests of both parties.

The order will, therefore, be reversed, with $10 costs and disbursements, and the motion remitted to the Special Term to be disposed of upon the merits.

McLAUGHLIN and CLARKE, JJ., concur.

INGRAHAM, J.   I think this order should be reversed and the motion for an injunction denied.   The United States Circuit Court has enjoined the gas company from accepting 80 cents per thousand cubic feet for gas manufactured and supplied by the company to any consumer, or any rate less than that which was in effect prior to the date of the aforesaid acts and order for gas supplied by it to its customers. Just how the United States Circuit Court will construe this injunction does not appear, but I do not think that this court should compel the gas company to run the risk of a determination of the Circuit Court that, in accepting 80 cents from the plaintiff, it was violating the injunction and was thus in contempt.   The order of the United States court amply protects the plaintiff, as, if the bill is dismissed in the United States Circuit Court, the plaintiff would be able to obtain repayment of all he has paid in excess of 80 cents.   The protection of the plaintiff does not require that this injunction should be granted, and I certainly think that no careful counsel would advise the gas company that it is safe to receive any sum less than $1 for the gas furnished to its customers in the face of this injunction of the United States Circuit Court.

HOUGHTON, J., concurs.